IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHN DOE,

    Plaintiff,

v.

ALYSSA H. BAYLIS,

    Defendant.

Civil Action
File No.:

## **COMPLAINT FOR DAMAGES**

COMES NOW, JOHN DOE, Plaintiff in the above styled action, and files this Complaint for Damages against Defendant ALYSSA H. BAYLIS, and shows the Court the following:

### **PARTIES**

1.

Plaintiff JOHN DOE (hereinafter referred to as "Plaintiff") is an adult male United States citizen and resident of the State of Georgia. Plaintiff requests anonymity as set forth in the motion filed concomitantly with this Complaint.

2.

Defendant ALYSSA H. BAYLIS (hereinafter referred to as "Defendant" or "Defendant Baylis") is a citizen and resident of the State of Georgia, domiciled in Fulton County, Georgia.  Defendant Baylis may be served with process at 361

17th Street NW, Unit 1407, Atlanta, Georgia 30363. Once Defendant has been so served, she will be subject to the jurisdiction of this Court.

## JURISDICTION AND VENUE

3.

Jurisdiction over Defendant is proper pursuant to 28 U.S.C. § 1331.

4.

Venue is proper in this district pursuant to 28 U.S.C.§ 1391.

## STATEMENT OF FACTS

5.

At all times relevant to this Complaint, Plaintiff John Doe was married to his current spouse.

6.

In late 2015, Plaintiff John Doe met Defendant Alyssa H. Baylis.

7.

After meeting one another in person, Plaintiff and Defendant continued to share an acquaintanceship, communicating with one another via social media messenger app as well as on the phone. These communications culminated in Plaintiff and Defendant having a one-night stand in approximately early 2016.

8.

Shortly after this 2016 sexual liaison, Plaintiff and Defendant mutually ended their shared intimacy and broke off all communications with one another.

9.

Beginning on or about March of 2025, Plaintiff John Doe and Defendant Alyssa H. Baylis revived communications with one another after years of no contact, starting with direct messages sent to one another via the social media website Instagram and eventually moving on to text message exchanges.

10.

Sometime during March and April of 2025, Plaintiff shared with Defendant Baylis several "selfie" style photographs that contained intimate visual depictions of Plaintiff.

11.

Plaintiff intended for these intimate visual depictions of himself to be viewed solely by Defendant Baylis. Plaintiff's intimate visual depictions were not intended for distribution to anyone other than Defendant.

12.

Sometime during April of 2025, Plaintiff and Defendant had a falling out.

13.

At that time, Plaintiff informed Defendant that he was ending the renascent

acquaintanceship he and Defendant had shared up until that point, and that he would be breaking off all communications with her.

14.

Plaintiff's declaration precipitated a barrage of increasingly aggressive and threatening text messages from Defendant to Plaintiff, and eventually from Defendant to others, beginning on or about Thursday, May 1, 2025 at 7:49 p.m. and persisting until the early morning hours of Friday, May 2, 2025, at which point, at 3:52 a.m., Plaintiff texted the following to Defendant: "I don't know how many times I have to say it, please leave me alone."

15.

Defendant kept texting Plaintiff nonstop throughout the morning of May 2, 2025, while Plaintiff refused to respond. On that day, at 10:37 a.m., Plaintiff sent a final text message to Defendant: "And I really need you to leave me alone."

16.

On or about May 2, 2025 at 11:52 a.m., Defendant Baylis sent Plaintiff the following text message: "Should fucking blast you let all your coworkers know." Shortly thereafter, Defendant texted Plaintiff: "Let Atlanta know what a fucking creep you are."

17.

Defendant continued to text Plaintiff throughout the day on May 2nd, while

the nature of Defendant's text messages became increasingly hostile, abusive and threatening towards Plaintiff. Defendant's messages to Plaintiff included threats about posting a "viral tik tok [sic]" showing photographs and images of Plaintiff, derogatory comments about Plaintiff and/or Plaintiff's appearance, and threats to dox Plaintiff on social media.

18.

On or about May 2, 2025 at 3:04 p.m., Defendant texted: "Who's a lying douche this guy lol all my neighbors / parents know a viral tik tok prob coming. Your LinkedIn has been shared already".

19.

On or about May 2, 2025 at 5:42 p.m., Defendant, having apparently followed through on her threats to post Plaintiff's images and/or information on her social media, texted the following message to Plaintiff: "Top comments in so far are you need to shave your back / get lipo on your man side boobs among many … and that you're a fucking douche bag fyi".

20.

On or about May 2, 2025 at 5:45 p.m., Defendant sent another text message to Plaintiff, stating: "Oh lol and to def take care of your unkept undercarriage hahahah".

21.

On or about May 2, 2025 at 6:45 p.m., Defendant sent Plaintiff another text message containing an intimate visual depiction of Plaintiff that Defendant or another person had altered by adding text to it. The unaltered version of this intimate visual depiction was one that Plaintiff had sent solely to Defendant in the weeks prior, during one of their private text message exchanges.

22.

The visual depiction which Defendant sent to Plaintiff at 6:45pm was a "selfie" style photo taken by Plaintiff at his house, in which the Plaintiff's face, completely nude body and erect penis are visible. In the version of the image Defendant sent to Plaintiff, Defendant or another individual had used some sort of Photoshop or "Paint" program to add Plaintiff's full name to the image in yellow text and the word "CHEATER" in blue text.

23.

Shortly after sending Plaintiff this text message containing an altered version of Plaintiff's intimate visual depiction, Defendant sent Plaintiff another text in which she named Plaintiff's place of work.

24.

On or about May 2, 2025, between approximately 6:45 p.m. and 9:13 p.m., Defendant sent Plaintiff several more text messages containing images and/or text

of a derogatory and dubious nature.

25.

Defendant then sent Plaintiff a text message at 9:13 p.m. that contained a screenshot of an apparent text message exchange between Defendant Baylis and an unidentified individual.

26.

In the screenshot, Defendant showed Plaintiff how she had sent this unidentified person the above-described intimate visual depiction of Plaintiff, altered so that Plaintiff's full name and the word "CHEATER" appeared in the image. Underneath the Plaintiff's visual depiction as it appears in the screenshot, the Defendant had texted the "two eyes looking" emoji, and, directly underneath the emoji, the text messaging app's "Delivered" notification appears, along with the notification of date/time delivered "Today 9:12 P.M."

27.

A response from the unidentified recipient of Defendant's text messages appears below Defendant's "two eyes looking" emoji: "He photoshopped his dick" accompanied by the "laughing" emoji. The top of the screenshot is cropped above the visual depiction of Plaintiff so as not to reveal the recipient's phone number, and the bottom of the image is cropped right below the recipient's response.

28.

Plaintiff did not consent to this disclosure.

29.

In the alternative, Defendant acted with reckless disregard as to whether Plaintiff had consented to such disclosure.

30.

As the night of May 2nd, 2025 wore on, Defendant continued to send derogatory texts to Plaintiff. At 11:25 p.m., Defendant texted: "I talked to soooo many people today and you are [100% emoji] beyond the most asshole anyone has dealt with." At 11:28 p.m., she texted: "You're such a fucking loser and I am so glad all these other people confirmed it as well."

31.

As of the date of filing this Complaint, Defendant has continued to send derogatory, abusive, and threatening text messages to Plaintiff at various times throughout the day.

32.

Defendant Alyssa H. Baylis used a means or facility of interstate or foreign commerce to disclose the intimate visual depictions of Plaintiff John Doe when she used the internet and cellular networks to disclose photos and/or videos which contained intimate visual depictions of Plaintiff.

## CAUSE OF ACTION
### Civil action relating to disclosure of intimate images
### 15 U.S.C. § 6851

33.

Plaintiff repeats and incorporates by reference each and every allegation set forth above, as though fully set forth here.

34.

On or about May 2, 2025, Defendant Alyssa H. Baylis disclosed a photo containing an intimate visual depiction of Plaintiff to at least one individual via text message and/or private messaging app.

35.

Defendant used a means or facility of interstate or foreign commerce to disclose the intimate visual depiction of Plaintiff when she used the internet and cellular networks to disclose a photograph which contained an intimate visual depiction of Plaintiff.

36.

Plaintiff did not consent to this disclosure.

37.

In the alternative, Defendant acted with reckless disregard as to whether Plaintiff had consented to such disclosure.

38.

Plaintiff has suffered damages as a result.

39.

Plaintiff is entitled to liquidated damages in the amount of $150,000.00 against Defendant Alyssa H. Baylis for this disclosure, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred pursuant to 15 U.S.C. § 6851(b)(3)(i).

40.

Plaintiff is also entitled to equitable relief, including a temporary and permanent injunction ordering Defendant Alyssa H. Baylis to cease all display or disclosure of the visual depiction pursuant to 15 U.S.C. § 6851(b)(3)(ii).

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant, and for the following relief:

- A. Finding Defendant liable under 15 U.S.C. § 6851;

- B. Awarding Plaintiff liquidated damages in the amount of $150,000 against Defendant, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred pursuant to *15 U.S.C. § 6851(b)(3)(I)*;

- C. Granting appropriate injunctive relief against Defendant pursuant to *15 U.S.C. § 6851(b)(3)(ii)*; and

D. Awarding such other and further available relief and any other relief the Court deems just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

This 9th day of May, 2025.

/s/ Joseph W. Weeks
Joseph W. Weeks
Attorney for Plaintiff
Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave., Ste. 450
Decatur, GA 30030
404-373-3131 (phone)
404-373-7286 (facsimile)

/s/ Saam Ghiaasiaan
Saam Ghiaasiaan
Attorney for Plaintiff
Georgia Bar No. 137334

125 Clairemont Ave., Ste. 450
Decatur, GA 30030
404-373-3131 (phone)
404-373-7286 (facsimile)