IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHN DOE,

    Plaintiff,

v.

ALYSSA H. BAYLIS,

    Defendant.

Civil Action
File No.:

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff JOHN DOE respectfully submits this Brief in Support of his Motion for Preliminary Injunction, seeking immediate and equitable relief pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 6851(b)(3)(A)(ii) to prevent further disclosure, publication, or dissemination of intimate visual depictions of Plaintiff by Defendant ALYSSA H. BAYLIS.

## I. INTRODUCTION

Plaintiff brings this action under 15 U.S.C. § 6851, which prohibits the nonconsensual disclosure of intimate images. Defendant has already disclosed at least one image of Plaintiff's fully nude body — depicting his face, genitalia, and full name — to a third party without Plaintiff's consent. The continued threat of further publication causes ongoing and irreparable harm. Plaintiff now seeks a

narrowly tailored temporary injunction preventing Defendant from making additional disclosures or threats relating to the images.

## II. FACTUAL BACKGROUND

As detailed in Plaintiff's Complaint and Affidavit filed under seal, Plaintiff and Defendant reconnected in early 2025 and exchanged private messages, including intimate "selfie" images Plaintiff sent to Defendant. After Plaintiff attempted to end the acquaintanceship, Defendant initiated a sustained campaign of digital harassment, culminating on May 2, 2025, in the transmission of an nude image of Plaintiff bearing his full name and the word "CHEATER" in bright lettering. Defendant sent this image to a third party and has continued to send threatening messages suggesting wider dissemination, including public shaming and viral social media postings.

Plaintiff did not consent to the disclosure of the image and expressly requested on multiple occasions that Defendant leave him alone. Despite this, Defendant has persisted, and the image remains in her possession.

## III. LEGAL STANDARD

A preliminary injunction is granted when (1) the plaintiff has a substantial likelihood of success on the merits; (2) the plaintiff would suffer irreparable harm in the absence of an injunction; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if

issued, the injunction would not be adverse to the public interest. <u>Siegel v. LePore</u>, 234 F.3d 1163, 1176 (11th Cir. 2000).

## IV. ARGUMENT

### *A. Plaintiff Has a Substantial Likelihood of Success on the Merits*

Plaintiff brings this action under 15 U.S.C. § 6851, which prohibits the disclosure of an "intimate visual depiction" of an identifiable individual without consent using a facility of interstate commerce. The facts show:

- Plaintiff sent Defendant an image depicting his face and nude body;
- Defendant altered and disclosed the image to at least one third party;
- Defendant used cellular networks and/or internet-based platforms to do so;
- Plaintiff never consented to the disclosure.

These facts are outlined in the Complaint and Affidavit filed under Seal and satisfy each statutory element. At minimum, the evidence shows Defendant acted with reckless disregard for whether Plaintiff consented, which is sufficient to establish liability under § 6851(a)(6). Thus, Plaintiff is likely to succeed on the merits.

### *B. Plaintiff Faces Irreparable Harm Absent Injunctive Relief*

Disclosure of nude images implicates privacy, emotional dignity, and reputational harm that cannot be undone through monetary remedies. The

Eleventh Circuit has recognized that "an injury is 'irreparable' if it cannot be undone through monetary remedies." <u>Yorktown Sys. Grp., Inc. v. Threat Tec LLC</u>, 108 F.4th 1287, 1296 (11th Cir. 2024). In <u>Yorktown</u>, the Court affirmed injunctive relief where the plaintiff faced intangible reputational harm and the loss of difficult-to-quantify business opportunities.

Here, Plaintiff has suffered humiliation, distress, and reputational damage from even one instance of disclosure. The continuing threat of wider dissemination — including on social media platforms — creates a looming, irreparable injury. No money judgment could undo the permanent digital footprint of an intimate image once widely disseminated.

### *C. The Balance of Harms Favors Plaintiff*

Plaintiff merely seeks to preserve the status quo and prevent Defendant from disclosing further intimate images. The requested relief imposes no significant burden on Defendant — it simply restrains illegal conduct. In contrast, the absence of relief exposes Plaintiff to ongoing emotional, reputational, and professional harm. The balance of equities thus weighs heavily in favor of Plaintiff.

### *D. The Public Interest Supports the Injunction*

Congress enacted 15 U.S.C. § 6851 specifically to protect individuals from nonconsensual pornography and reputational harm. The public interest is served

by enforcing that statute, preventing digital abuse, and deterring similar conduct by others. Issuing an injunction to prevent further violations aligns with that legislative intent.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Issue a Temporary Injunction restraining Defendant from:

   a. Disclosing, transmitting, or otherwise disseminating any intimate visual depictions of Plaintiff;

   b. Threatening, referencing, or encouraging the dissemination of any such material; and

   c. Contacting Plaintiff or any third parties for the purpose of sharing or discussing said depictions.

2. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 9th day of May, 2025.

/s/ Joseph W. Weeks
Joseph W. Weeks
Attorney for Plaintiff
Georgia Bar No. 912341

McNALLY WEEKS

125 Clairemont Ave., Ste. 450
Decatur, GA 30030
404-373-3131 (phone)
404-373-7286 (facsimile)