IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHN DOE,

       Plaintiff and
       Counterdefendant,

    v.

ALYSSA H. BAYLIS,

       Defendant and
       Counterclaimant.

CIVIL ACTION FILE

NO. 1:25-CV-02593-ELR

**DEFENDANT AND COUNTERCLAIMANT'S MOTION TO FILE AND PROCEED UNDER A PSEUDONYM AND INCORPORATED BRIEF IN SUPPORT**

Pursuant to Fed. R. Civ. P. 10, Defendant and Counterclaimant ("Defendant") moves this Court for an Order permitting the use of the pseudonym "Jane Roe" to identify Defendant in the pleadings and documents throughout this lawsuit.[1] Defendant respectfully submits that good cause exists for allowing Defendant to proceed under a pseudonym in this matter due to the highly sensitive and personal nature of the allegations that form the basis of her defense and counterclaim.[2]

---

[1] If granted, Defendant would request that all prior pleadings be retroactively sealed and that redacted versions be ordered to be filed.

[2] The complete facts underlying the instant litigation are set forth fully in Defendant's Verified Answer and Counterclaim ("Counterclaim") [Doc. 39], to which is attached the Declaration of Sarah E. Dunn, PhD, ABPP, an expert on emotional abuse and trauma. In further support of this Motion, Defendant relies

As the Court is aware from recent filings and the hearing last week, Defendant engaged in a sexually explicit relationship with Plaintiff based on the belief that Plaintiff was being truthful about his marital status and intentions. Courts in the Eleventh Circuit have allowed litigants to proceed using a pseudonym in cases where, as here, a substantial privacy right is involved. For the reasons explained, the exercise of the Court's discretion to allow Defendant to be identified as Jane Roe is within the district court's "zone of choice," is both proper and just. *See In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1246 (11th Cir. 2020).

## ARGUMENT AND CITATION OF AUTHORITY

Generally, parties must identify themselves in the pleadings of a lawsuit. Fed. R. Civ. P. 10. However, courts allow claimants to proceed under pseudonyms where cases involve highly sensitive and personal matters. "The ultimate test for permitting a [claimant] to proceed anonymously is whether the [claimant] has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992).

In the Eleventh Circuit, the test begins with a consideration of three factors: (1) whether the plaintiff is challenging governmental activity; (2) whether the

---

upon her Response in Opposition to Plaintiff's Motion for Preliminary Injunction [Doc. 17] and related filings, all of which are incorporated herein by reference.

4912-6004-0791.2

plaintiff will be required to disclose information of the utmost intimacy; and (3) whether the plaintiff will be compelled to admit their intention to engage in illegal conduct. *S.B. v. Florida Agricultural and Mechanical University Board of Trustees*, 823 Fed. Appx. 862. 866 (11th Cir. 2020) citing *Plaintiff B v. Francis*, 631 F.3d 1310, 1315-16 (11th Cir. 2011); *Doe v. Frank*, 951 F.2d at 323. The Eleventh Circuit made clear in *In re: Chiquita Brands Int'l, Inc.* that the three-factored test listed above is *only* the first step in considering a request for pseudonymity.  965 F.3d at 1247.  Along with these factors, a court should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns. *S.B.*, 823 Fed. Appx. at 866 quoting *Plaintiff B* 631 F.3d at 1316; *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d at 1247.   These circumstances include, for example, "whether the party's quested anonymity poses a unique threat of fundamental unfairness to the defendant." *Id*.

Admittedly, this case and Defendant's request does not fit squarely into previously litigated scenarios where pseudonymity is routinely sought in this jurisdiction (*e.g.*, Title IX cases).  Moreover, the relative nascency of 15 U.S.C. § 6851, which was passed as part of the Violence Against Women Reauthorization

4912-6004-0791.2

Act of 2022, means there is not a deep well of precedent upon which the parties and this Court can rely.[3]

Instead, this matter is one where for Defendant to establish her entitlement to relief she must relive a sexually explicit and exceptionally traumatic episode in her life – one where she engaged in a sexting relationship with Plaintiff based upon his misrepresentations about his marital status.   The Counterclaim reveals that Defendant will be required to disclose highly personal, detailed information of utmost intimacy. Defendant must reveal explicit details of a sexual encounter and sexually suggestive and explicit images, which formed the basis of her defense and claims asserted in this action.   She has also alleged under oath that until her encounter with Plaintiff, she had **never** sent anyone pictures of her intimate body parts without clothes on. [Doc. 39, ¶ 125].   Further, she explained that she would have never responded in kind to his having sent her such images if she had known he was lying to her.   *Id.*   As set forth in detail in Defendant's Counterclaim, she was deeply traumatized upon discovering that she had been misled by Plaintiff all to fulfill his own sexual fantasies.

---

[3] That said, there is at least one case where the plaintiffs claiming a violation of 15 U.S.C. § 6851 also sought the pseudonymity of the defendant to ensure that the disclosure of defendant's identity in the litigation process did not reveal plaintiffs' identity.  *Doe v. Unknown Party*, 2024 WL 492231 (D. Ariz. Feb. 7, 2024).

4912-6004-0791.2

While embarrassment alone is not sufficient to meet the requirements to grant pseudonymity, courts are recognizing the impact of psychological trauma on sexual assault victims. *See Doe v. Sutton*, No. 4:23-cv-01312-SEP, 2025 WL 871656 at *4 (E.D. Mo. March 20, 2025)(quoting in part *Doe v. Frank*, 951 F2d at 324). A natural extension of that concept is the recognition of the detrimental impact of psychological trauma on victims of emotional trauma and abuse. Here, Defendant has submitted the Declaration of Sarah E. Dunn, PhD, ABPP that discusses the emotional or psychological trauma that can occur when a man lies about his marital status – even in the context of a sexting relationship. [Doc. 39, Ex. A, pp. 4-5]. Moreover, the continued disclosure of her identity as she attempts to reclaim or ensure the destruction of sexually explicit images and messages she sent to Plaintiff under false pretenses will only exacerbate the emotional trauma and abuse she has endured.

As the aforementioned case law informs, the instant matter is one in which the customary practice of disclosing Defendant's identity should yield to Defendant's privacy concerns. There is strong evidence supporting such a need. Defendant must disclose information about her sexually explicit communications with the Plaintiff, which included the provision of sexually suggestive or explicit images Defendant sent based on Plaintiff's false representations about his marital status. This information is routinely considered to be of the utmost intimacy as

5

evidenced by the pseudonymity provision in 15 U.S.C. § 6851. Defendant further submits that her use of a pseudonym does not pose any unique threat of fundamental unfairness to Plaintiff as the Plaintiff knows her identity.

The fact that Doe chose to put sexually explicit texts in public pleadings recently is further evidence of such a need. [Doc. 23, pp. 2-3].  As this Court noted at the hearing last week, the Court is mindful of the highly sensitive nature of the material being submitted. For all of these reasons, there is strong evidence that Defendant has a need to protect her privacy.

The privacy interest in this matter is particularly great for it would be extremely embarrassing, harmful, and traumatizing to Defendant's reputation if she were forced to continue to proceed under her real name in her quest for justice and clearing her name. Without protection from the Court, Defendant runs the risk that any prospective employer, associate, friend or family member could learn of the traumatizing allegations by a simple Google search. For reasons explained by Dr. Dunn and as amplified by Defendant's statements under oath, Defendant respectfully submits the fact of Defendant's experiencing substantial trauma from her experience with Doe and now the disclosures in this litigation substantiate the strong need for privacy.

On the other side of the equation, Defendant's privacy rights easily outweigh the public's right to know her identity. Her identity adds little, if any, substantive

4912-6004-0791.2

value to the public's knowledge or understanding of the issues in this case. *See Doe v. Barrow County, GA*, 219 F.R.D. 189 (N.D. Ga. 2003) (in a case challenging the constitutionality of posting the Ten Commandments the identity of the individual plaintiff had little bearing on the legal issues to be decided). Again, Plaintiff is not prejudiced by allowing the Defendant to proceed under a pseudonym since he is already aware of her actual identity. Defendant respectfully submits she has satisfied her burden to show that her personal privacy interests outweigh the public's need to know her identity.

The matter of whether pseudonymity should be allowed given this record is committed to the discretion of the district court, which is reviewed only for an abuse of discretion. This, as the Eleventh Circuit made clear, is an "extremely limited and highly deferential standard of review. It allows a district court a 'zone of choice' within which it may go either way.'" *In re: Chiquita Brands Int'l, Inc*., 965 F.3d at 1246. On the record before this Court, Defendant respectfully submits, the choice to allow pseudonymity given the substantial privacy interests is the right choice.

4912-6004-0791.2

## CONCLUSION

Having shown that good cause exists allowing Defendant to proceed in this litigation anonymously, she should be permitted to proceed under the pseudonym "Jane Roe."

Dated this 22nd day of July, 2025.

KUTAK ROCK LLP

*/s/ Elizabeth L. Fite*
Elizabeth L. Fite, Esq.
Georgia Bar No. 142347
elizabeth.fite@kutakrock.com
Kutak Rock LLP
Suite 900
3424 Peachtree Road, NE
Atlanta, GA  30326
(404) 222-4600 (Telephone)
(404) 222-4654 (Facsimile)


THE ANTONINO FIRM

Lauren S. Antonino
Georgia Bar No. 652408
115 Strauss Lane
Atlanta, GA 30350
Ph: (770) 408-1229
Cell (preferred): 404-889-5209
Fax: (470) 875-0194
Email: lauren@antoninofirm.com


*Counsel for Defendant*

8

## CERTIFICATE OF COMPLIANCE

I certify that to the best of my knowledge the above complies with the type and format (including type and point size) selections as set forth in LR 5.1 and 7.1(D), NDGa.  The font used to prepare this document is 14 point Times New Roman and there are no more than (10) characters per inch.

KUTAK ROCK LLP

*/s/ Elizabeth L. Fite*
Elizabeth L. Fite, Esq.
Georgia Bar No. 142347
elizabeth.fite@kutakrock.com
Kutak Rock LLP
Suite 900
3424 Peachtree Road, NE
Atlanta, GA  30326
(404) 222-4600 (Telephone)
(404) 222-4654 (Facsimile)

4912-6004-0791.2